UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  16-CV-2250 |
| | ) |
| KAREN WEST, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, a pretrial detainee at the Jerome Combs Detention Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that Defendants Reynolds and Thompson, both correctional officers, have prevented the plaintiff from utilizing the grievance process at the Macon County Jail by refusing to give the plaintiff a grievance form and losing, or otherwise denying, grievances the plaintiff submitted. The plaintiff also alleges that Defendant Karen West, the Jail Confidential Secretary, has harassed him, threatened to "slap the black off him," and denied notary services to him because the plaintiff filed a lawsuit against her friend, a jail kitchen supervisor. Finally, the plaintiff alleges that medical staff has failed to provide him with a medical examination and tuberculosis (TB) test. Plaintiff also appears to allege failure to provide medical treatment for his back, but fails to provide any further information.

The plaintiff states a claim for retaliation against Defendant West. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). The plaintiff has no constitutional right to the grievance process and he offers no allegations on how his ability to access the courts has been infringed. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7TH Cir. 1996). Therefore, he has not stated a constitutional claim related to the grievances, and defendants Reynolds, Thompson and Hawkin will be dismissed.

The plaintiff's claims that he has not received a medical examination, TB test, or medical treatment for his back fail to establish a claim for deliberate indifference. In order to show deliberate indifference, the plaintiff must demonstrate that the defendant knew that a substantial risk of serious harm existed. *Farmer v. Brennan*, 511 U.S. 825, 837, 114. S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Negligence is not enough to impose liability for deliberate indifference to a serious medical need. "[A] defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *Johnson v. Pala*, 2012 WL 3020533 (S.D. Ill. July 24, 2012); *see Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir.2008)*.

The plaintiff has filed a motion for temporary restraining order/preliminary injunction (#6) which merely restates the allegations and relief requested in plaintiff's complaint. A party seeking injunctive relief has the burden of proving that he will suffer irreparable harm if the relief is not granted. *Ty, Inc., v. Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). Here, plaintiff does not present this as an emergency or claim that he will suffer irreparable harm if the matter is left to be decided in the normal course. Plaintiff's request for injunctive relief is denied.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a Fourteenth Amendment due process claim against Defendant West for retaliation. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion

requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

   4.   With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

   5.   The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

   6.   This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

   7.   Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

   8.   The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

   9.   If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Sgt. Reynolds, Sgt. Thompson, Sgt. Hawkin, Dr. Broca, and Nurse E. Morgan as defendants.

12. The clerk is directed to attempt service on the remaining defendant pursuant to the standard procedures.

13. Plaintiff's motion for temporary restraining order/preliminary injunction (#6) is DENIED.

14. Plaintiff's motions for copies (#5, #11) are GRANTED. As a courtesy, the clerk is directed to send plaintiff a copy of his complaint. In the future, if plaintiff wishes to receive a file-stamped copy of any pleading, he needs to furnish the clerk with an extra copy of that pleading, and a self-addressed, stamped envelope for returning the file-stamped copy. Any request for additional copies must be accompanied by a check for $.10 per page.

Entered this 25th day of October, 2016.

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE